FILED

2014 OCT 29 PM 3:47

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DENNIS KILYK**, an individual,

Plaintiff,

v.

**LEE COUNTY, FLORIDA BOARD OF COUNTY COMMISSIONERS**, a political subdivision of the State of Florida,

Defendant.

**CIVIL ACTION**

**Case No. 2:14-cv-**

**Judge:**

**Mag. Judge:**

2:14-cV-634-FtM-38CM

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DENNIS KILYK** (“**KILYK**”), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act of 1992 (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) retaliation in violation of the ADEA, and (4) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, **DENNIS KILYK** (“**KILYK**”) is an individual and a resident of Florida who currently resides in Lee County, Florida.

3. Defendant, **LEE COUNTY, FLORIDA BOARD OF COUNTY COMMISSIONERS** (“Defendant”) is a political subdivision of the state of Florida. The Defendant is an employer under the ADEA and FCRA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over **KILYK**'s state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

7. At all material times, the Defendant employed greater than twenty (20) employees and did employ **KILYK**.

8. **KILYK** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on July 29, 2014 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **KILYK** was hired by the Defendant on or about October 7, 2004 as an Equipment Operator 1 within the Lee County Department of Transportation.

10. **KILYK** always performed his assigned duties in a professional manner and was very well qualified for his position.

11. **KILYK** is a member of a protected class as a person over the age of 40.

12. However, beginning on or about August, 2013, **KILYK** began being subjected to discrimination on the basis of his age.

13. Specifically, when the Defendant stated it would be "down sizing," the Defendant then began systematically replacing those workers over the age of 40 without warning.

14. **KILYK**'s supervisor, who is well under the age of 40, began exhibiting discomfort in supervising an employee nearly twice his age and subjected **KILYK** to far greater scrutiny than those under the age of 40.

15. Those persons not within the protected class were not subject to termination of their employment whereas those over the age of 40 were targeted for termination by the Defendant.

16. When **KILYK** objected to the greater scrutiny he was receiving, **KILYK** was terminated on October 7, 2013 purportedly due to "downsizing."

17. However, the Defendant replaced **KILYK** with an under-qualified and inexperienced person in their 20s.

18. At all material times, the Defendant was aware of **KILYK**'s age and statutorily protected activity and, consequently, his protected classes, which are the basis for its discriminatory employment practices toward **KILYK**.

19. **KILYK** would not have been terminated but for his age and statutorily protected conduct in objecting to age discrimination.

20. The Defendant has violated the ADEA.

**<u>COUNT I – VIOLATION OF THE ADEA</u>**

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. **KILYK** seeks recovery for all damages stemming from his termination by the Defendant.

23. At all material times, **KILYK** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

24. **KILYK** is a member of the protected age class (over the age of 40).

25. **KILYK** was well qualified for the position that he held with the Defendant.

26. Despite his qualifications, **KILYK** has suffered adverse employment action in the form of the Defendant's termination of **KILYK**.

27. A younger person under the age of forty (40) with inferior qualifications and performance replaced **KILYK**.

28. The Defendant sought applicants for **KILYK**'s position that were outside of **KILYK**'s protected class.

29. The Defendant has discriminated against **KILYK** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

30. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **KILYK** because of his age.

31. The Defendant's violations of the law were knowing and willful.

32. A causal connection exists between **KILYK**'s age and the termination of his employment by the Defendant.

33. As a result of the above-described violations of the ADEA, **KILYK** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

34. **KILYK** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages and;

ix. Such other relief as this Court shall deem appropriate.

**COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION**

35. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

36. **KILYK** seeks recovery for all damages stemming from his termination by the Defendant.

37. At all material times, **KILYK** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

38. **KILYK** is a member of the protected age class (over the age of 40).

39. **KILYK** was well qualified for the position that he held with the Defendant.

40. Despite his qualifications, **KILYK** has suffered adverse employment action in the form of the Defendant's termination of **KILYK**.

41. A younger person under the age of forty (40) with inferior qualifications and performance replaced **KILYK**.

42. The Defendant sought applicants for **KILYK**'s position that were outside of **KILYK**'s protected class.

43. The Defendant has discriminated against **KILYK** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

44. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **KILYK** because of his age.

45. The Defendant's violations of the law were knowing and willful.

46. A causal connection exists between **KILYK**'s age and the termination of his employment by the Defendant.

47. As a result of the above-described violations of the FCRA, **KILYK** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

48. **KILYK** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE,** Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages and;

ix. Such other relief as this Court shall deem appropriate.

**COUNT III – VIOLATION OF ADEA- RETALIATION**

49. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

50. **KILYK** is a person over the age of 40 and, as such, is a member of a protected class.

51. At all material times, **KILYK** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

52. **KILYK** was qualified for the positions that he held with the Defendant.

53. Following **KILYK**'s objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment and terminating **KILYK**'s employment.

54. **KILYK** complained to the Defendant about the Defendant's illegal discipline based upon employees' ages.

55. **KILYK**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

56. Said protected activity was the cause of the Defendant's negative employment actions against **KILYK** including changed working conditions, harsh performance reviews, discipline and ultimately termination.

57. Instead of investigating **KILYK**'s complaints, the Defendant retaliated against **KILYK** via changed working conditions, harsh performance reviews, discipline, and termination.

58. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADEA.

59. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **KILYK** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

60. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KILYK** is entitled to all relief necessary to make him whole as provided for under the ADEA.

61. As a direct and proximate result of the Defendant's actions, **KILYK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

62. **KILYK** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

**COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION**

63. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

64. **KILYK** is a person over the age of 40 and, as such, is a member of a protected class.

65. At all material times, **KILYK** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

66. **KILYK** was qualified for the positions that he held with the Defendant.

67. Following **KILYK**'s objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment and terminating **KILYK**'s employment.

68. **KILYK** complained to the Defendant about the Defendant's illegal discipline based upon employees' ages.

69. **KILYK**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

70. Said protected activity was the cause of the Defendant's negative employment actions against **KILYK** including changed working conditions, harsh performance reviews, discipline and ultimately termination.

71. Instead of investigating **KILYK**'s complaints, the Defendant retaliated against **KILYK** via changed working conditions, harsh performance reviews, discipline, and termination.

72. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

73. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KILYK** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

74. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KILYK** is entitled to all relief necessary to make him whole as provided for under the FCRA.

75. As a direct and proximate result of the Defendant's actions, **KILYK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

76. **KILYK** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

**DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **DENNIS KILYK**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Dated: October 29 2014

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com